FILED
98 JUL 31 AM 9: 46
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUL 3 1 1998

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

VICTOR SMITH, ET AL.,    }
                         }
    Plaintiffs,           }
                         }    CIVIL ACTION NO.
    vs.                   }
                         }    CV-97-AR-1804-S
THE WESTOVER WATER AUTHORITY, }
ET AL.,                  }
                         }
    Defendants.           }

## MEMORANDUM OPINION

The above-entitled action is before the court on a motion for summary judgment filed by defendants, Charles Turner ("Turner") and Herman Moore ("Moore"). Plaintiffs, who are male employees of the Westover Water Authority ("WWA"), allege violations of their state constitutional rights, the Fourteenth Amendment, and 42 U.S.C. § 1983 ("§ 1983"). In essence, plaintiffs claim that defendants engaged in gender discrimination when they entered into long-term employment contracts with two female WWA employees and, yet, did not offer similar opportunities to plaintiffs.

Plaintiffs sue Turner and Moore in both their individual and official capacities. However, in their response to the pending motion for summary judgment, plaintiffs concede that Turner and Moore are due to be dismissed as defendants in their individual capacities. In light of this concession, the court easily

21

concludes that, insofar as the action asserts claims against Turner and Moore in their individual capacities, it is due to be dismissed.

Moreover, as Turner and Moore correctly observe, § 1983 official capacity suits are merely another way of pleading an action against an entity of which an officer is an agent. *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035 n.55 (1978). As plaintiffs allege violations of § 1983 against the WWA, their § 1983 official capacity suits against Turner and Moore, who are directors of the WWA, are superfluous. Consequently, to the extent that plaintiffs have brought § 1983 claims against Turner and Moore in their official capacities, this court will treat those claims as claims against the WWA and will dismiss those claims as to Turner and Moore in their official capacities. *Pompey v. Broward County*, 95 F.3d 1543, 1545 n.2 (11th Cir. 1996) (citing *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985)).

Finally, the record reveals that neither Turner nor Moore can be liable to plaintiffs under state law. It is undisputed that, as a member of the Board, Turner voted against ratifying the challenged contracts. *Exh. A to Defs.' Exh. 1*. Likewise, it also is undisputed that, at the time the contracts at issue were ratified by the WWA Board of Directors (the "Board"), Moore

had not yet become a member of the Board. *Id.* In fact, subsequent to joining the Board, Moore filed suit in the Circuit Court of Shelby County, Alabama, in an effort to have the contracts voided. *Exh. 1 to Defs.' Am. Mot. to Dismiss or, Alternatively, Mot. to Stay.* Obviously, in light of this evidence, it cannot be said that either Turner or Moore did anything which denied plaintiffs equal protection under the law as guaranteed by the Alabama Constitution of 1901. Accordingly, plaintiffs' state law claims against Turner and Moore are due to be dismissed.

The court will enter a separate and appropriate order which is consistent with the conclusions reached hereinabove.

DONE this 3rd day of July, 1998.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE